IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

QUINCY B. JONES,                    )
                                    )
            Petitioner,             )
                                    )
      v.                            )        Civil Action No. 1:13cv801-WKW
                                    )                  (WO)
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion by Quincy B. Jones ("Jones") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Doc. No. 1*.[1] After consideration of the parties' submissions, the record, and the relevant law, the court finds that the § 2255 motion should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## I.   INTRODUCTION

On September 19, 2011, Jones pled guilty under a plea agreement to conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea agreement contained a waiver provision whereby Jones relinquished his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct. After

---

[1] Document numbers ("*Doc. No.*") referred to in this Recommendation are those assigned by the Clerk in the instant civil action. References to exhibits ("*Ex.*") are to those filed by the Government with its response to the § 2255 motion, *Doc. No. 8*. Page references are to those assigned by CM/ECF.

a sentencing hearing on November 1, 2012, the district court sentenced Jones to 200 months in prison, to run concurrently with a 120-month sentence imposed on the same date for his conviction for using a telephone with intent to commit a murder for hire.[2]  Jones did not appeal.

On October 23, 2013, Jones filed this § 2255 motion, asserting the following claims:

1.    There was insufficient evidence to support the conspiracy charge and an insufficient factual basis for his guilty plea.  *See Doc. No. 1-1* at 2-5, 12, 14, and 18-20.

2.    The district court erred in denying his motion to suppress.  *See Doc. No. 1-1* at 4, 6-12, 14-15, 20, and 22.

3.    The district court erred in its findings regarding the quantity of drugs attributable to him for sentencing purposes and engaged in judicial factfinding in violation of *United States v. Booker*, 543 U.S. 220 (2005).  *See Doc. No. 1-1* at 13-14 and 20-21.

4.    The Government breached the plea agreement.  *See Doc. No. 1-1* at 16-18.

5.    The district court was biased against him.  *See Doc. No. 1-1* at 18.

6.    His sentence was substantively unreasonable.  *See Doc. No. 1-1* at 18.

7.    His trial counsel rendered ineffective assistance by–

    (a)    failing to investigate his competency to plead guilty (*see Doc. No. 1-1* at 13);

---

[2] Jones pled guilty on September 6, 2012, to the charge of using a telephone with intent to commit a murder for hire, in violation of 18 U.S.C. § 1958(a).  That charge arose out of his attempt to arrange the murder of a witness connected to his drug conspiracy case. Sentencing in the two cases was consolidated.

(b)     misinforming him regarding the sentence he would receive (*see Doc. No. 1-1* at 13 and 22-23); and

(c)     failing to investigate and interview "promising witnesses" (*see Doc. No. 1-1* at 19-20).

*Doc. No. 1; Doc. No. 1-1*.[3]

## II.   DISCUSSION

### A.     Substantive Claims and Waiver Provision in Plea Agreement

The Government maintains that all of Jones's substantive claims (i.e., his claims not alleging ineffective assistance of counsel)[4] are barred from review by the waiver provision in his plea agreement.  *Doc. No. 8* at 21-22.  The court agrees.

The plea agreement contained a waiver provision with the following pertinent language:

DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

5.   Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the court for sentencing was not alleged in the indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.  This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and

---

[3] Jones's motion contains repetitive and overlapping claims. For organizational and analytical purposes, the court has recast some of his claims in a more appropriate presentation.

[4] Jones's substantive claims are listed above as Claims 1 through 6.

prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack his conviction or sentence on any other ground.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1 .3 (from criminal history category) or § 5K2.O (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure. Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting Defendant's sentence.

*Ex. E* at 7-8. Under this waiver provision, Jones relinquished his rights to appeal and collaterally attack his conviction and sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

An appeal waiver or collateral attack waiver is valid if a defendant enters into it knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11ᵗʰ Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-55 (11ᵗʰ Cir. 1993). In this circuit, such waivers have been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11ᵗʰ Cir. 2006) (collecting cases). To enforce such a waiver, the Government must demonstrate either that (1) the district court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Nothing in the record indicates that the waiver in Jones's case was anything but

4

knowing and voluntary. At the change of plea hearing, the magistrate judge ascertained from Jones that he had read and discussed the plea agreement with his counsel before signing it, and that he understood the terms of the plea agreement. *Ex. F* at 5-6. The general terms of the waiver provision were stated in open court, with Jones representing to the court that he understood them. *Id.* at 4, 8-9. Further, the written plea agreement contained Jones's signature under language acknowledging that he had read and understood the plea agreement and that the matters and facts set forth in the written agreement accurately reflected all representations made to him and all the terms reached. *Ex. E* at 12. Jones does not claim that he did not understand the consequences of the waiver. Under these circumstances, the court finds that Jones understood the full significance of the waiver provision in his plea agreement and that his assent to the waiver was knowing and voluntary. Consequently, the court agrees with the Government that all of Jones's substantive claims (Claims 1 through 6 listed above) are barred from review by the waiver provision in the plea agreement.

Even if these claims are not barred by the waiver provision, they are procedurally defaulted due to Jones's failure to raise them on direct appeal. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994). A petitioner can avoid this procedural bar only by showing one of the two exceptions to the procedural default rule:

> Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a

> § 2255 motion despite his failure to show cause for the procedural default if
> a constitutional violation has probably resulted in the conviction of one who
> is actually innocent.

*Lynn v. United States*, 365 F.3d 1225, 1234-35 (11th Cir. 2004) (emphasis in original; citations and quotations omitted); *see Bousley v. United States*, 523 U.S. 614, 621-22 (1998). Jones, however, does not attempt to demonstrate cause for his failure to raise his claims on direct appeal.[5]  Nor does he present evidence that he is actually innocent of the offense of which he was convicted.[6]  Therefore, his substantive claims are barred from collateral review by procedural default.

## B.    Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at

---

[5] To establish cause, a petitioner must prove that "some objective factor external to the defense prevented the petitioner or his counsel from raising the claim previously." *Murray v. Carrier*, 477 U.S. 478, 488-92 (1986).

[6] The "actual innocence" exception is exceedingly narrow in scope.  *Lynn*, 365 F.3d at 1235 n. 18. " '[A]ctual innocence' means factual innocence, not mere legal innocence." *Bousley*, 523 U.S. at 623.

1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied.  *Strickland*, 466 U.S. at 687.  Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has

7

been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1.    Failure to Investigate Competency to Plead Guilty

Jones asserts that his trial counsel rendered him ineffective assistance by failing to investigate his competency to plead guilty. *Doc. No. 1-1* at 13.  However, Jones neither demonstrates nor even alleges that he was not competent to enter a guilty plea.

At the change of plea hearing, Jones testified under oath that he had not recently been treated for any mental illness or addiction to narcotics of any kind and that he was not under the influence of any drug, medication, or alcoholic beverage. *Ex. F* at 5.  In reliance on Jones's responses, the magistrate judge found Jones fully competent and capable of entering an informed plea. *Id.* at 12-13.  Jones also informed the probation officer who prepared his presentence investigation report ("PSI") that he had no history of mental or emotional problems or treatment for such problems. *PSI* (Case No. 1:11cr4-WKW) at 24, ¶ 103.  Jones does not maintain in his § 2255 motion that he has any history of mental or emotional problems.

"Incompetency means 'suffering from a mental disease or defect rendering [a defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.'" *Battle v. United States*, 419 F.3d 1292, 1298 (11th Cir. 2005) (quoting 18 U.S.C. § 4241(a)).  To show entitlement to an evidentiary hearing on a competency claim, a petitioner must present "clear and convincing evidence creating a real, substantial and legitimate doubt as to his competence to stand trial." *Johnston v. Singletary*, 162 F.3d 630, 637 (11th Cir. 1998)

(quoting *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)).  "This standard of proof is high; and 'the facts must positively, unequivocally, and clearly generate the legitimate doubt.'"  *Battle*, 419 F.3d at 1299 (quoting *Medina*, 59 F.3d at 1106).  In order to prevail on such a claim, the petitioner must prove by a preponderance of the evidence that he was in fact incompetent to stand trial.  *Johnston*, 162 F.3d at 637 n.7; *see also Battle*, 419 F.3d at 1298-99; *Medina*, 59 F.3d at 1106.

The record does not positively, unequivocally, and clearly generate a legitimate doubt about Jones's competency.  *See Battle*, 419 F.3d at 1299.  Therefore, Jones is not entitled to relief based on his claim that his trial counsel was ineffective for failing to investigate his competency to plead guilty.

### 2.    *Misinformation Regarding Expected Sentence*

Jones claims that his trial counsel induced him to plead guilty by misinforming him regarding the sentence he would receive.  *Doc. No. 1-1* at 13 and 22-23.  Although Jones's allegations are unclear, he seems to contend that his counsel told him he was "subject to a statutory minimum" and would receive a sentence of 120 months for his drug conspiracy conviction and did not advise him he could receive the sentence of 200 months that was imposed by the district court.[7]  *Id.*

In an affidavit filed with this court, Jones's trial counsel, Bruce Maddox, avers:

---

[7] Although Jones alludes to "a statutory minimum sentence," he was sentenced under 21 U.S.C. § 841(b)(1)(C), which provides no mandatory minimum sentence and provides in most circumstances for a maximum sentence of 20 years.

9

> [Jones] made the decision to plead guilty and cooperate with the government after viewing a recording of himself and his sister apparently conspiring to kill a witness in the case. He was later charged in that matter and entered a guilty plea. His decision in this case to plead guilty was because he was attempting to keep his sister from going to jail by cooperating with the government and entering a plea. I properly advised him of the range of punishment and various guideline possibilities. He always knew that the ultimate decision as to sentence would be up to the Judge after a presentence investigation and sentencing hearing.

Doc. No. 3 at 2.

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner alleging ineffective assistance in this context must establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. To establish prejudice, then, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id*. A mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990); *see also Holmes v. United States*, 876 F.2d 1545 (11th Cir. 1989) (*Hill* does not require a hearing merely because a defendant asserts a claim of ineffectiveness of counsel when the record affirmatively contradicts the allegations).

The record evidence does not support a claim that Jones was induced to plead guilty by any misinformation regarding his sentence.  The transcript of the change of plea hearing reflects that the magistrate judge correctly advised Jones that the statutory maximum sentence applicable to his offense was not more than 20 years.[8]  *Ex. F* at 7.  The written plea agreement correctly set forth this same information.  *Ex. E* at 2. The plea agreement contained no provision indicating a specific sentence to be recommended or imposed. As noted above, Jones stated under oath at the change of plea hearing that he and his counsel had reviewed and discussed the plea agreement and that he understood the terms of the plea agreement. *Ex. F* at 5-6.  Jones also affirmed during the change of plea hearing that, other than the terms of the plea agreement, no one had made any promises or assurances to him to get him to plead guilty.  *Id*. at 6-7.  He also acknowledged that he understood his sentence would be determined by a combination of advisory sentencing guidelines, possible authorized departures from those guidelines, and other statutory factors.  *Id*. at 8.  He affirmed that he and his attorney had discussed how the advisory sentencing guidelines would apply in his case.  *Id*.  The written plea agreement signed by Jones contained provisions under which Jones agreed that his offense level and sentence would be determined by the court at sentencing (*id*. at 4-5) and affirmed that he understood that his offense level and criminal history category, as calculated by the probation officer and determined by the court, might differ from any estimate made by his counsel (*id*. at 10).

---

[8] As previously noted, 21 U.S.C. § 841(b)(1)(C), the statute under which Jones was sentenced, provides no mandatory minimum sentence.

The law is clear that an inaccurate prediction about sentencing alone will generally not be sufficient to sustain a claim of ineffective assistance of counsel. *See United States v. Pease*, 240 F.3d 938, 940-41 (11th Cir. 2001) (rejecting ineffective assistance of counsel claim where the court warned the defendant during the plea colloquy that he may face a sentence higher than anticipated and informed defendant of statutory minimum and maximum). "[A] defendant [who] pleads guilty relying upon his counsel's best professional judgment ... cannot later argue that his plea was due to coercion by counsel." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984).

Here, the plea agreement made no mention of a specific sentence, other than to state that the statutory maximum was 20 years. At the change of plea colloquy, the magistrate judge correctly informed Jones of that statutory maximum. Jones's sworn statements in open court that his guilty plea had not been induced by any promises or assurances outside the plea agreement – and his acknowledgments in the signed agreement that he understood his sentence would be determined by the court at sentencing and might differ from any estimates made by his counsel – undermine his present assertion that his guilty plea was induced by erroneous assurances from his counsel. "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). "There is a strong presumption that the statements made during the [guilty plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, Jones is not entitled to relief based on this claim of ineffective assistance of counsel.

### 3.      *Failure to Investigate and Interview Witnesses*

Finally, Jones asserts in a cursory manner that his trial counsel was ineffective for failing to investigate and interview "promising witnesses." *Doc. No. 1-1* at 19-20.  Jones, however, identifies no witnesses who could have provided information or testimony favorable to his defense. Nor does he specify the information or testimony that such witnesses might have provided or show that any uncalled witnesses would have been willing to testify on his behalf.  "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).  Jones is not entitled to relief based on this unsupported claim of ineffective assistance of counsel.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Jones be DENIED with prejudice.

The parties may file any objections to this Recommendation on or before November 30, 2015.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court

of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 16th day of November, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE